

[980 NYS2d 775]

In the Matter of Lᴀɴɴ H. Sᴍɪᴛʜ, an Attorney, Respondent. Gʀɪᴇᴠᴀɴᴄᴇ Cᴏᴍᴍɪᴛᴛᴇᴇ ꜰᴏʀ ᴛʜᴇ Sᴇᴄᴏɴᴅ, Eʟᴇᴠᴇɴᴛʜ, ᴀɴᴅ Tʜɪʀᴛᴇᴇɴᴛʜ Jᴜᴅɪᴄɪᴀʟ Dɪsᴛʀɪᴄᴛs, Petitioner.

Second Department, February 19, 2014

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On February 20, 2013, the respondent pleaded guilty to attempted grand larceny in the third degree, in violation of Penal

Law §§ 110.00 and 155.35, a class E felony, before the Honorable Norman St. George in the County Court, Nassau County. On March 29, 2013, she was sentenced to a five-year period of probation and restitution in the sum of $14,975.

As alleged in the indictment, the respondent and another person contracted with Parent Workshop, a not-for-profit entity whose purpose is to increase parents' knowledge of the inner workings of the New York City school system, to provide certain consulting services to the organization. The respondent received funds to hire consultants to make outreach visits and conduct workshops for parents. The respondent did not perform the work, but rather kept the funds for herself.

Although served with a copy of this motion, the respondent has neither submitted a response nor requested additional time in which to do so.

By virtue of her felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) is granted, to reflect the respondent's automatic disbarment on February 20, 2013.

Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Lynn H. Smith, is disbarred, effective February 20, 2013, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Lynn H. Smith, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lynn H. Smith, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lynn H. Smith, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).